IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EAN MIKALE and ALEDIA MIKALE,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. DEPT. OF LABOR, NEBRASKA DEPARTMENT OF EDUCATION, NEBRASKA DEPARTMENT OF LABOR, and CITY OF FREMONT,<br><br>Defendants. | 4:20CV3101<br><br>MEMORANDUM<br>AND ORDER |

Plaintiffs, who are not prisoners, have been given leave to proceed in forma pauperis. (Filing 6.) The court now conducts an initial review of Plaintiffs' claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

In four documents the court shall consider as one Complaint (Filings 1, 8, 9, 10), Plaintiffs Ean and Aledia Mikale seek money damages from the United States Department of Labor, the Nebraska Department of Education, the Nebraska Department of Labor, and the City of Fremont, Nebraska, under 42 U.S.C. § 1983 and the Workforce Innovation and Opportunity Act, 29 U.S.C. §§ 3101 *et seq*. (Westlaw 2020) ("WIOA"). Plaintiffs allege that they "were members of the International Drone Federation, an association for the newly federally recognized occupations for Commercial Drone Pilots and Commercial Drone Software Developers." (Filing 10 at CM/ECF p. 2.) Plaintiffs then allege a flurry of highly detailed and confusing facts suggesting that, as part of their business, they paid and trained three apprentices; their training program ended due to financial hardship and state regulatory issues; and when Plaintiffs changed their business model, the Nebraska Department of Labor revoked its contract with Plaintiffs. (*Id*. at CM/ECF pp. 2-3.)

Plaintiffs claim that the Defendants (1) conspired to deny them a "Federally recognized Apprenticeship" and to "oppress the business of the plaintiffs"; (2) infringed their First and Fourteenth Amendment rights to "freely organize as an association" and to "peacefully assemble"; (3) engaged in negligent misrepresentation when the City of Fremontb indicated that Plaintiffs' "Apprenticeship" was approved, that the City would assist Plaintiffs in obtaining funding, that it would furnish a letter of support for the JPMorgan Chase Advancing Cities Competition, and it would "approve a Drone District around the Methodist Fremont Hospital," and the City's failure to do so negatively affected Plaintiffs' opportunity to pursue federal research dollars, attract investment, and deliver a contract as promised, as well as caused Plaintiffs to spend thousands of dollars purchasing equipment and staff, leasing property, and purchasing insurance; and (4) included unconscionable language in "the contractual agreement in question," the contents of which are unclear. (Filing 1 at CM/ECF pp. 4-5; Filing 10 at CM/ECF pp. 1-4.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199

F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III.  DISCUSSION

### A.  Purported Class Action

Plaintiffs purport to "seek damages as redress as a class." (Filing 10 at CM/ECF p. 4.) Because "pro se litigants may not represent the interests of other parties," *Miller By A.M. v. Dorsey*, No. 4:18CV3031, 2018 WL 4854180, at *3 (D. Neb. Oct. 5, 2018), this action cannot proceed as a class action. *Nelson v. Hjorth*, No. 8:18CV88, 2018 WL 2050571, at *4 (D. Neb. May 2, 2018) ("a pro se plaintiff who is not an attorney cannot maintain a class action"); *Deas v. Kenney*, No. 8:15CV35, 2015 WL 1883614, at *2 (D. Neb. Apr. 24, 2015) (pro se litigants may not bring the claims of others to federal court); *Tyler v. Term Limit Statute of State of Neb.*, No. 8:08CV129, 2008 WL 2129828, at *1 (D. Neb. May 19, 2008) ("Pro se litigants may not represent other parties, even in class action proceedings.") (citing cases).

### B.  Constitutional Claims

Plaintiffs' Complaint alleges claims for money damages pursuant to 42 U.S.C. § 1983 for violation of their First and Fourteenth Amendment rights to "freely organize as an association" and to "peacefully assemble." "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988).

#### 1.  Nebraska Departments of Education and Labor

States and their agencies are not considered "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 65-66 (1989). Furthermore, the Eleventh Amendment bars claims for damages by private parties against a state and its

3

agencies in federal court. *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (Eleventh Amendment bars suit against state agency for any kind of relief); *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir. 1989) (suit for money that must be paid from public funds in state treasury and is brought solely against state or state agency is proscribed by Eleventh Amendment). Accordingly, Defendants Nebraska Department of Education and Nebraska Department of Labor are not subject to suit under § 1983.

### 2. United States Department of Labor

Plaintiffs' constitutional claims against the United States Department of Labor[1] fail because constitutional tort claims may not be asserted against federal agencies. *F.D.I.C. v. Meyer*, 510 U.S. 471, 473 (1994) (*Bivens* actions cannot be brought against federal agencies); *Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998) (*Bivens* actions "cannot be prosecuted against the United States and its agencies because of sovereign immunity").

### 3. City of Fremont

Plaintiffs also seek to bring section 1983 claims against the City of Fremont, Nebraska. In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality (or other local government unit) can be liable under 42 U.S.C. § 1983 if an "action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691. "To establish municipal liability, a plaintiff must first show that one of the municipality's officers violated her federal right." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam); *Sanders v. City*

---

[1] Such claims are known as *Bivens* claims. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). "An action under *Bivens* is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state officials." *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999) (internal quotation marks and citation omitted).

of Minneapolis*, 474 F.3d 523, 527 (8th Cir. 2007)). "If that element is satisfied, then a plaintiff must establish the requisite degree of fault on the part of the municipality and a causal link between municipal policy and the alleged violation." *Id.* (citing *City of Canton v. Harris*, 489 U.S. 378, 388-92 (1989)).

To prevail on a claim alleged against the City of Fremont, Plaintiffs must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016). "Official policy involves 'a deliberate choice to follow a course of action . . . made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). "[A] plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating '(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation.'" *Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

Here, Plaintiffs make no allegations of "a policy, officially adopted and promulgated by the City of [Fremont], or a practice, so permanent and well-settled so as to constitute a custom, that existed and through which" the City acted to destroy Plaintiffs' business. *Davison v. City of Minneapolis, Minn*, 490 F.3d 648, 659 (8th Cir. 2007). Rather, Plaintiffs make factual allegations pertaining to their specific situation, which is insufficient to impose *Monell* liability. *Id*. ("'[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*,'" (quoting *Oklahoma City v. Tuttle,* 471 U.S. 808, 823-24 (1985))). "Though pro se complaints are

5

to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citation omitted) (citing *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989) (regarding a pro se plaintiff, "we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded.")).

Accordingly, Plaintiffs have failed to state constitutional claims against all of the named Defendants.

### 4. Leave to Amend Would be Futile

Allowing Plaintiffs leave to amend their Complaint would be futile because even if Plaintiffs had named parties against whom constitutional claims could properly be asserted, the court cannot discern any plausible basis for First or Fourteenth Amendment violations. None of Plaintiffs' allegations suggest a violation of their right to assemble or associate under the First Amendment. *Roberts v. U.S. Jaycees*, 468 U.S. 609, 617-20 (1984) (Court has recognized freedom of association in two senses— protecting intimate human relationships and associating for purposes of engaging in speech, assembly, petition for redress of grievances, and exercise of religion; finding that "a large business enterprise" would be "remote from the concerns giving rise to . . . constitutional protection"); *SH3 Health Consulting, LLC v. Page*, 459 F. Supp. 3d 1212, 1225 (E.D. Mo. 2020) (stay-at-home order in response to pandemic did not violate businesses' First Amendment right of assembly; while order prevented businesses from assembling with staff and customers in their physical places of business, plaintiffs could still assemble in other ways, such as video call or internet group chat). Nor do Plaintiffs state a claim for violation of their Fourteenth Amendment rights to due process or equal protection. *Robbins v. Becker*, 794 F.3d 988, 994, 996 (8th Cir. 2015) (Fourteenth Amendment does not protect the right to a specific job; plaintiffs failed to state viable equal protection claim when they complained defendants interfered with their business and treated them unfairly but failed to allege they were similarly situated to other businesses or that such businesses were treated more favorably under similar circumstances). Furthermore, the failure to allege any constitutional claim is fatal to Plaintiffs' claim that the Defendants conspired to violate

6

their constitutional rights because without a constitutional violation, there can be no actionable conspiracy claim. *Robbins*, 794 F.3d at 997.

### C. Workforce Innovation & Opportunities Act

Through 42 U.S.C. § 1983, Plaintiffs attempt to individually enforce the Workforce Innovation and Opportunity Act ("WIOA"), 29 U.S.C. §§ 3101-3361 (Westlaw 2020) (Pub. L. No. 113-128, 128 Stat. 1425 (2014)).

> Congress passed the Workforce Innovation and Opportunity Act (WIOA) in 2014. . . . The Act authorizes appropriations of federal funds for state workforce development systems. *Id.* §§ 3101, 3275. In order to receive the federal funds, a state's governor creates a state workforce development board and adopts a state plan. *Id.* §§ 3111-12. A governor must designate local areas within the state, managed by local workforce development boards pursuant to a local plan, which then oversee the operation of centers and enroll participants in training programs. *Id.* § 3121-23.

*Coastal Ctys. Workforce, Inc. v. LePage*, No. 1:17-CV-00417, 2018 WL 545712, at *1 (D. Me. Jan. 24, 2018) (local workforce training organization sued state governor and department of labor claiming they failed to make funds available in violation of WIOA).

While one court has held that the WIOA confers a right upon a local workforce training *organization* to enforce WIOA's provisions dealing with the prompt allocation of funds through § 1983, the court held that an *individual worker* (like Plaintiffs in this case) "who would benefit from WIOA funding to help secure 'access to and opportunities for the employment, education, training, and support services,' 29 U.S.C. § 3101, is statutorily barred from suing the Governor to release the WIOA funds." *Coastal Ctys. Workforce, Inc. v. LePage*, 284 F. Supp. 3d 32, 47 (D. Me. 2018), *appeal dismissed,* No. 18-1059, 2018 WL 3440030 (1st Cir. Mar. 2, 2018) (noting that because WIOA is Spending Clause legislation, court should not lightly conclude that statute gives rise to enforceable individual rights because "'the typical remedy for state noncompliance with federally imposed conditions [in spending legislation] is not a private cause of action for noncompliance but rather action by the Federal Government to terminate funds to the State.'" (quoting *Colón-Marrero v. Vélez*, 813 F.3d 1, 19 (1st

Cir. 2016)); *see also* 29 U.S.C. § 3254(12) ("Nothing in this subchapter shall be construed to provide an *individual* with an entitlement to a service under this subchapter." (emphasis added)); *Nevada Partners, Inc. v. Workforce Connections*, No. 2:19-CV-767, 2019 WL 2518119, at *3 (D. Nev. June 18, 2019) (there is no constitutionally protected property interest in WIOA grants)

Therefore, Plaintiffs do not—and cannot—state a claim that Defendants violated their alleged right to funds and support under the WIOA.

### D.  State-Law Claims

When a district court dismisses federal claims over which it has original jurisdiction, the balance of interests usually "'will point toward declining to exercise jurisdiction over the remaining state law claims.'" *In re Canadian Import Antitrust Litig.*, 470 F.3d 785, 792 (8th Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). *See also Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006) ("Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed . . . ."). Indeed, the Court of Appeals has "'stress[ed] the need to exercise judicial restraint and avoid state law issues wherever possible.'" *Gregoire v. Class*, 236 F.3d 413, 420 (8th Cir. 2000) (quoting *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990)).

Because the court is dismissing Plaintiff's federal claims, the court will also dismiss Plaintiff's state-law claims without prejudice to reassertion in the proper forum. *See Labickas v. Arkansas State Univ.*, 78 F.3d 333, 334-35 (8th Cir. 1996) (per curiam) (while district court had discretion to dismiss state-law claims, such claims should have been dismissed without prejudice).

Accordingly,

IT IS ORDERED:

1. This case is dismissed in its entirety; specifically, Plaintiffs' federal claims are dismissed without prejudice for failure to state a claim upon which relief can be granted, and Plaintiffs' state-law claims are dismissed without prejudice to reassertion in the proper forum.

2. Judgment shall be entered by separate document.

DATED this 1st day of December, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge